IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02294-WYD-MEH

BITUMINOUS CASUALTY CORPORATION,

    Plaintiff,

v.

MONUMENT WELL CORPORATION,
ELIZABETH MOBALDI, and
STEVE MOBALDI,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Defendant Monument Well Corporation (Monument) was sued in Denver District Court by Elizabeth and Steve Mobaldi for groundwater contamination allegedly arising from the operation of certain oil and gas wells. Monument demanded that its insurer, Plaintiff, provide legal representation and coverage for the lawsuit. Plaintiff filed this declaratory action, contending that its contract of insurance clearly and unambiguously excludes losses related to pollution. Monument contends that the contract is ambiguous and should be interpreted to provide coverage.

    Defendant Monument's motion (docket #35) seeks to compel the Plaintiff's responses to its discovery requests. The Court will address various aspects of Monument's motion below.

<u>Interrogatory No. 1</u>

    Monument asks Plaintiff to identify every instance in the past ten years in which it has denied a defense to an insured under the pollution exclusion, when the underlying lawsuit for which coverage was sought did not allege that there was active polluting activity by the insured. To provide context,

the underlying lawsuit relevant to this declaratory action alleges that Monument provided cement services for the oil and gas wells. The complaint alleges that "cement services" includes pumping cement down into a well and outside the casing through perforations deliberately made in the casings. Such action is an attempt to "create a seal or dam between water aquifers and oil and gas bearing sand." *Mobaldi v. CER Corp.*, No. 06-cv-6335, First Amended Complaint at 4-5. The First Amended Complaint can be construed to allege that Monument negligently performed its duties and, in so doing, allowed contamination to pass into the groundwater.

Plaintiff objects on various grounds. The Court disagrees with all the objections save one, relevance. Plaintiff contends, among other things, that the issue here is limited to interpretation of an insurance contract, and other claims by other insureds are not relevant. Here, Monument does not make a counterclaim for bad faith. The Court does not see how -- within the four corners of the issues framed in the Second Amended Complaint -- Plaintiff's conduct with regard to other claims is relevant or will lead to the discovery of admissible evidence. [1]Thus, the Motion to Compel is **denied** as to this ground.

Interrogatory No. 2

Monument seeks information regarding any declaratory actions Plaintiff has filed in the past ten years regarding the pollution exclusion, when the underlying lawsuit for which coverage was sought did not allege that there was active polluting activity by the insured. This seems to the Court to be a narrowly focused inquiry. Plaintiff relies on its litany of other objections and, specific to this interrogatory, claims that Monument is trying to get Plaintiff to do Monument's legal research. The Court sees some relevance, albeit anemic, to the interrogatory. The Court does not agree with

---

[1]As an aside, the Court does see how prior policies and the language used in the pollution exclusion clause(s) might be relevant, but the interrogatory does not request this information.

2

Plaintiff's objections, particularly because the interrogatory seeks publicly available information for which the burden to gather would be much less on Plaintiff than on Monument. The Motion to Compel is **granted** as to this interrogatory. The Court will limit the interrogatory, however, to actions filed in court, and in response to the interrogatory, Plaintiff need only provide the case name and caption, including the jurisdiction in which the case was filed and the case number.

Interrogatory No. 3

Monument seeks identification of every proceeding in the last ten years in which Plaintiff litigated the scope, meaning or effect of a pollution exclusion clause. For the reasons stated above, the Motion to Compel is **granted** as to this interrogatory, but the Court will limit the interrogatory to actions filed in court, and in response to the interrogatory, Plaintiff need only provide the case name and caption, including the jurisdiction in which the case was filed and the case number.

Requests for Production of Documents

Monument seeks production of complaints, briefs, and court orders relating to the cases described above. The Court believes that Monument is entitled to accurate identification of all relevant lawsuits and, once obtained, it can collect the documents from the relevant public files. Therefore, the Motion to Compel concerning documents is **denied**. However, this order is without prejudice as to any court files to which Monument is unable to gain access, whether because the case is sealed, because the court has destroyed the file or it is otherwise inaccessible, or because the court refuses to release the file.

Accordingly, it is hereby ORDERED that the Motion to Compel [Filed August 22, 2007; Docket #35] is **granted in part** and **denied in part** as directed herein.

...

Dated at Denver, Colorado, this 14th day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge